IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN DAVID McCORMACK,

                    OPINION AND ORDER

        Plaintiff,

                    12-cv-925-bbc

    v.

DAVID BURNETT, JAMES LABELLE,
RENEE SCHUELER, KAREN GOURLIE,
and WELCOME F. ROSE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Alan David McCormack is proceeding on claims that defendants David Burnett, James LaBelle, Renee Schueler, Karen Gourlie and Welcome F. Rose violated his rights under the Eighth Amendment by depriving him of adequate medical care for his umbilical hernia while he was incarcerated.  Plaintiff has filed a motion for preliminary injunction, dkt. #11, asking the court to order defendants to provide him surgery to repair his umbilical hernia; a restraining order against all defendants and a transfer to a correctional institution in Minnesota.  In addition, he has filed also two motions for assistance in recruiting counsel, a motion to amend the complaint, and a motion for contempt.  As detailed below, I will deny each of these motions.

I will start with plaintiff's motion for preliminary injunctive relief, which he filed together with his proposed findings of fact.  Defendants did not respond to these proposed

findings of fact, although they did respond to the factual statements in plaintiff's brief and filed supplemental proposed findings of fact.  Because plaintiff's proposed findings of facts do not establish a right to preliminary relief, I have treated them as undisputed and not considered defendant's responsive proposed findings.  Accordingly, for the limited purpose of deciding this motion, I take the following facts from plaintiff's proposed findings of fact.

FACTS

Plaintiff Alan David McCormack is incarcerated at the Fox Lake Correctional Institution.  For the last twenty years, he has suffered from an umbilical hernia.  In May 2008, plaintiff wrote to the warden of Fox Lake Correctional Institution complaining about his hernia.  On July 24, 2008, Charles Larson, M.D., filed a "review summary" with respect to plaintiff's umbilical hernia.  Larson is employed as a physician at Fox Lake Correctional Institution.  In its entirety, Larson's review summary states:

> 48 yo life sentence with possibility of parole who has a twenty year old umbilical hernia that continues to cause significant pain and discomfort as it enlarges. Is still nonincarcerated and reduces spontaneously but has reached a ventral defect size of approximately 2 to 3 cm (quarter to half dollar diameter).  Bulges to size of prune with straining.  He is requesting surgical repair.

Plt.'s Aff., ex. 2., dkt. #13-2.  That August, Larson recommended that plaintiff receive a surgical repair.

The committee did not approve the surgery.  In a form entitled "prior authorization for therapuetic level of care" and signed by Ken Adler, M.D., the committee noted that the surgery was "nonurgent," its overall necessity was "low," the risks and benefits were both

2

"low," and that plaintiff had alleged "modest pain" but the hernia had "no significant impact on ADLs beyond reluctance toward heavy lifting."  The committee's recommendation was "No recent change noted.  ADLs not affected.  Surgery not approved."

In October 2008, plaintiff wrote to the health services unit seeking reconsideration. Holly Meier, the Health Services Unit manager, responded to plaintiff, informing him that decisions are reevaluated every six months or if there is a change in the condition and he should "go through" Dr. Larson.  She also noted that plaintiff could write defendant David Burnett, the medical director, for reconsideration but she did not "expect him to change the decision as they stick close to their criteria." (Plaintiff did not submit any proposed findings of fact about whether he wrote Burnett or about any subsequent decisions by the review committee.)

On January 31, 2009, plaintiff filed a health services complaint asking to see a physician about surgical repair for his hernia.  He complained that the pain is constant, the hernia continues to grow and it is diminishing his ability to engage in physical  activity.  A nurse responded that an appointment with the doctor was set.  (Plaintiff did not submit any proposed findings of fact about whether this appointment occurred or what happened during the appointment.)

OPINION

A. Preliminary Injunction Motion

To be entitled to a preliminary injunction, plaintiff has the burden of demonstrating

3

that (1) he has a reasonable likelihood of success on the merits of its underlying claim; (2) he has no adequate remedy at law; and (3) he will suffer irreparable harm without the preliminary injunction. AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 803-04 (7th Cir. 2002).  If plaintiff meets these burdens, "the court must then consider any irreparable harm the preliminary injunction might impose upon [defendants] and whether the preliminary injunction would harm or foster the public interest." Id.  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948 (2d ed. 1995)).

Because plaintiff is a prisoner, any injunctive relief must also comply with the Prison Litigation Reform Act, which requires the court to grant relief only if it is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief."  18 U.S.C. § 3626(a).

Plaintiff has not shown a reasonable likelihood of success on the merits or a probability that he will suffer irreparable harm without the preliminary injunction.  First, plaintiff has not shown a likelihood of success on his Eighth Amendment claim because he provided no evidence that defendants have been deliberately indifferent to his hernia. "Deliberate indifference" means that the officials were aware that the prisoner needed

medical treatment but disregarded the risk by failing to take reasonable measures. <u>Forbes</u> <u>v. Edgar</u>, 112 F.3d 262, 266 (7th Cir. 1997). For medical decisions, deliberate indifference may be inferred only when "the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." <u>Estate of Cole by</u> <u>Pardue v. Fromm</u>, 94 F.3d 254, 261-62 (7th Cir. 1996).

Plaintiff's evidence shows that he suffered from an umbilical hernia in 2008, that Dr. Larson recommended he receive surgery and that the committee did not approve the surgery. Plaintiff attempts to challenge the basis for the committee's decision, dkt. #11 at ¶ 10, but he has not submitted any evidence that the committee's decisions were medically inappropriate. He cites the "review summary" from Dr. Larson, but that document does not prove that plaintiff needed surgery or that denying his request for surgery would be "a substantial departure from accepted professional judgment." <u>Estate of Cole</u>, 94 F.3d at 261. Plaintiff also seeks to rely on general information about hernias from the website of the Mayo Clinic. Such evidence is hearsay that is not admissible under the Federal Rules of Evidence 802. In any case, this evidence does not show that plaintiff's hernia in particular required surgery. Finally, plaintiff argues that another prisoner had hernia surgery and their situations were similar. However, he has not submitted any evidence sufficient to allow the court to determine whether the situations were similar and he is not qualified to make such a determination.

Second, plaintiff has not shown that he will suffer irreparable harm if his motion is

denied.  For the reasons stated above, plaintiff has not shown that surgery to repair his hernia was necessary in 2008.  Moreover, plaintiff has not provided any evidence about his current condition.  The most recent evidence that plaintiff submitted regarding complaints for his hernia were from January 2009.  There is no evidence in the record that plaintiff will suffer any harm, much less irreparable harm, if the court denies preliminary relief.

As a final matter, plaintiff should be aware that his request for transfer to a prison in Minnesota exceeds the scope authorized injunctive relief under the Prison Litigation Reform Act.  This proposed relief is not narrowly drawn or the least intrusive means to correct the alleged deliberate indifference in this case.

## B.  Motions for Appointment of Counsel

In a January 10, 2013 order in case no. 12-cv-535-bbc (from which the present case was severed), I denied plaintiff's original motion for appointment of counsel.  Case no. 12-cv-535-bbc, dkt. #21.  Plaintiff has now filed two motions for appointment of counsel in the present case that he treats as renewed versions of his previous motion.  (Courts have no authority to "appoint" counsel to represent a pro se plaintiff; they can only recruit counsel who may be willing to serve in that capacity.)  It is unclear whether I should consider the two motions.  In deciding whether to try to recruit counsel for plaintiff, I must first find that he has made a reasonable effort to find a lawyer on his own and has been unsuccessful.  Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992).  Plaintiff supported his previous motion with three rejection letters from attorneys, which would usually suffice to show a

6

reasonable effort.  However, those were rejections of his request that they take on his entire 140-page complaint that has since been severed.  Plaintiff may find outside counsel to be more receptive to taking this case now that it has been severed from the whole.

In any case, in the January 10 order, I stated as follows:

> Plaintiff says that he has limited knowledge of the law and limited law library access.  He believes that the issues in this case are complex and will require significant research and investigation. In addition, he says that legal counsel will better be able to present the evidence and cross examine witnesses at trial.

> Although there is no doubt that a lawyer would be able to help plaintiff, nothing in the record suggests that plaintiff lacks the ability to litigate his case. He may lack legal knowledge, but this handicap is almost universal among pro se litigants.  Plaintiff has ample litigation experience and his complaint demonstrates his ability to research the law.  In any case, his remaining retaliation claims do not involve complex law that would likely require substantial research.  The facts are straightforward and within his personal knowledge.  He appears capable of gathering and presenting evidence to prove his claims.

Case no. 12-cv-535-bbc, dkt. #21.  Nothing in plaintiff's new filings persuade me that I was incorrect in the previous order, particularly now that the case currently boils down to defendants' motion for summary judgment based on failure to exhaust.  Plaintiff should have no problem responding to this motion.  Therefore, it is unnecessary to consider whether recruitment of counsel before the exhaustion motion is resolved.

## C.  Motions to Amend Complaint and for Contempt

Plaintiff has filed also a motion he titles as one "for joinder of persons needed for just adjudication," in which plaintiff states that several prison officials joined "in conspiracy and

partnership" with the currently named defendants to retaliate against plaintiff, hampering
his ability to litigate this case.  Plaintiff includes a motion for contempt in which he more
fully details the retaliation, such as his mail being taken, his job being discontinued and his
being detained on false pretenses while he had a pretrial conference scheduled in this case.
As plaintiff admits, these new allegations are very similar to those he raised in a motion for
preliminary injunctive relief in case no. 12-cv-535-bbc.  In denying that motion, I stated:

> The new allegations involve six individuals who are not parties to this suit.
> The only defendant he mentions is Scheuler, who denied plaintiff's inmate
> complaints in both cases. Moreover, plaintiff has not alleged that the
> retaliation is impairing his ability to litigate this case. Being in a double cell
> does not interfere with his ability to litigate. Although plaintiff alleges that he
> needed to apply for legal loans because of his termination from his prison job,
> he does not allege that he was denied loans or that he was unable to litigate
> this case for lack of funds. On the contrary, plaintiff has filed numerous
> motions, documents and third-party affidavits.  The motion for preliminary
> relief will be denied.

Case no. 12-cv-535-bbc, dkt. #47.  Plaintiff's current motions suffer from the same
problems.  Although plaintiff states that the proposed new defendants are attempting to
violate his right to access the courts, he fails to show that he has actually been prevented
from litigating the case.  In particular, the court continues to receive motions and other
submissions from plaintiff and the preliminary pretrial conference was held on the scheduled
day.  Therefore, plaintiff's motions for joinder and for contempt will be denied.  To the
extent he seeks to bring retaliation claims against the proposed new defendants, he will have
to bring them in a new lawsuit.

ORDER

IT IS ORDERED that

1. Plaintiff Alan David McCormack's motion for a preliminary injunction, dkt. #11, is DENIED.

2. Plaintiff's motions for the court's assistance in recruiting counsel,, dkt. ##14, 25, are DENIED without prejudice.

3. Plaintiff's motion to amend the complaint, dkt. #24, is DENIED.

4. Plaintiff's motion for contempt, dkt. #26, is DENIED.

Entered this 30th day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge