IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN DAVID McCORMACK,

                Plaintiff,

v.

DAVID BURNETT, JAMES LABELLE,
RENEE SCHUELER, KAREN GOURLIE,
and WELCOME F. ROSE,

                Defendants.

OPINION AND ORDER

12-cv-925-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Alan David McCormack is proceeding on claims that defendants David Burnett, James LaBelle, Renee Schueler, Karen Gourlie and Welcome F. Rose violated his rights under the Eighth Amendment by depriving him of adequate medical care for his umbilical hernia while he was incarcerated. Defendants have filed a motion for summary judgment on the ground that plaintiff has not exhausted his administrative remedies with respect to his claim, as he is required to do under 42 U.S.C. § 1997e(a).

Although plaintiff states that he exhausted his administrative remedies, he did not show that he filed grievances that complied with the prison's rules. Rather, the administrative grievance materials submitted by the parties show that the only grievances he filed about the denial of his surgery were filed after the deadline. Because plaintiff did not file a grievance about his claim that complied with prison rules, I must grant defendants'

1

motion for summary judgment.

The following facts are taken from defendants' materials in support of the exhaustion motion and plaintiff's response.

## UNDISPUTED FACTS

Plaintiff requested surgery for his umbilical hernia in August 2008. The Department of Corrections' surgical committee denied the request in September 2008. Plaintiff filed a grievance protesting the denial of his surgery on March 30, 2009, six months after he learned of the denial. After the grievance was rejected as untimely, plaintiff appealed the rejection, which was upheld. Plaintiff filed a second grievance protesting the denial of his surgery in January 2011, more than two years after his surgery had been denied. Again the grievance was rejected as untimely and the decision was upheld on appeal.

## OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory, Woodford v. Ngo, 548 U.S. 81, 85 (2006), and "applies to all inmate suits." Porter v. Nussle, 534 U.S. 516, 524 (2002).

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within

the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Compliance requires following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. In Wisconsin, the administrative code sets out the process for a prisoner to file a grievance and appeal an adverse decision. Wis. Admin. Code. § DOC 310.07 (prisoner first files grievance with inmate complaint examiner; prisoner may appeal adverse decision to corrections complaint examiner and then to department secretary). A failure to follow these rules may require dismissal of the prisoner's case. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).

Plaintiff contends that he exhausted his administrative remedies because he filed two grievances protesting the denial of his surgery. However, neither of those grievances complied with the prison's administrative rules, which direct inmates to file their grievances within 14 days of the event that gives rise to the complaint. Wis. Admin. Code. § 310.09(6).

At least two district courts have suggested that a late grievance can serve to exhaust administrative remedies of earlier violations when the grievance addresses a continuing violation of a prisoner's rights. Ellis v. Vadlamudi, 568 F. Supp. 2d 778 (E.D. Mich. 2008)

3

(2006 grievance adequate to exhaust ongoing inadequate medical care dating to 2004); see also Meeks v. Suliene, 2012 WL 5985482 (E.D. Wis. Nov. 29, 2012) (October 2010 grievance served to exhaust claims for ongoing inadequate medical care beginning in June 2010). However, these courts have held that when a grievance concerns itself with a discrete medical issue, then "the time of the failure to treat (and therefore the time of the Eighth Amendment violation) can be determined with some precision, and therefore the time limit for filing a grievance can be readily established." Meeks, 2012 WL 5985482 at 3 (citing Ellis, 568 F. Supp. 2d at 783-84).

Even assuming that the "continuing violation" rationale found in Ellis and Meeks is sound, the facts of this case are distinguishable from the facts of those cases. Although plaintiff is suffering from a chronic medical condition, he did not file a grievance about the inadequacy of the ongoing treatment he was receiving. Both of his grievances addressed a discrete medical decision (the denial of plaintiff's surgery request) and therefore had to be filed within the 14-day period for filing administrative grievances. Instead, plaintiff filed them filed them roughly six and sixteen months later, far too late under the administrative rules.

Plaintiff contends that his late grievances exhausted his administrative remedies because he exhausted the appeal process for both grievances. However, exhausting the appeal process for a late grievance does not constitute "exhaustion" of administrative remedies. A late grievance fails at the outset. To properly exhaust administrative remedies, the prisoner must first file a timely grievance and then file all of the necessary appeals. Wis.

Admin. Code. § DOC 310.07. Because plaintiff has failed to properly exhaust his administrative remedies, I will grant defendants' motion for summary judgment and dismiss the case without prejudice. Plaintiff may refile this case if he is able to complete each required step of the administrative grievance process.

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants David Burnett, James LaBelle, Renee Schueler, Karen Gourlie and Welcome F. Rose is GRANTED and this case is DISMISSED WITHOUT PREJUDICE. The clerk of court is directed to enter judgment accordingly.

Entered this 25th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge