IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN DAVID McCORMACK,

                Plaintiff,

v.

DAVID BURNETT, JAMES LABELLE,
RENEE SCHUELER, KAREN GOURLIE,
and WELCOME F. ROSE,

                Defendants.

ORDER

12-cv-925-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Alan David McCormack brought claims that defendants David Burnett, James LaBelle, Renee Schueler, Karen Gourlie and Welcome F. Rose violated his rights under the Eighth Amendment by depriving him of adequate medical care for his umbilical hernia while he was incarcerated. In a September 25, 2013 order, I granted defendants' motion for summary judgment based on plaintiff's failure to properly exhaust his administrative remedies and dismissed the case. Now before the court are plaintiff's motion for reconsideration of the September 25 order and a motion for assistance in recruiting counsel. For reasons stated below I will deny both motions.

In the September 25 order, I concluded that plaintiff failed to property exhaust his administrative grievances because he filed his grievances months after the denial of his surgery request, in violation of administrative rules. In his motion for reconsideration, he

1

seems to be arguing that the delay occurred because he was trying to comply with other administrative provisions requiring him to try to resolve his dispute informally before filing an administrative grievance.  In the abstract, I am sympathetic to this argument.  The grievance deadlines are tight, particularly taking into consideration the additional informal attempt at resolution prisoners are sometimes asked to pursue.  However, under the facts of this case, there is no reason to think that any informal attempt at resolution was the reason plaintiff filed his formal grievances so late.  As stated in the September 25 order, plaintiff filed his grievances roughly six and sixteen months following the denial of his surgery request, far beyond the time it would take to make an attempt at informal resolution.  Because plaintiff has failed to show that the September 25 ruling was incorrect, I will deny his motion for reconsideration.

       Turning to plaintiff's motion for the court's assistance in recruiting counsel, it seems that this motion crossed in the mail with the court's order dismissing the case.  Now that the case has been dismissed, plaintiff does not need the assistance of counsel, so the motion will be denied.

       Finally, I note that plaintiff states that he has filed a new grievance regarding surgery in the hopes of bringing a new case, and that prison staff is impeding his legal research.  Plaintiff should be aware that it is highly unlikely that he will be able to proceed on a new case unless he has recently made a new request for surgery that has been denied and he has followed up with a timely grievance.  In any case, any claim that prison staff is hampering his ability to bring a new case should be brought in a new lawsuit, at which point plaintiff

should be prepared to explain precisely how prison staff is blocking his ability to bring a meritorious lawsuit.

ORDER

IT IS ORDERED that

1. Plaintiff Alan David McCormack motion for reconsideration of the court's September 25, 2013 order, dkt. #39, is DENIED.

2. Plaintiff's motion for the court's assistance in recruiting counsel, dkt. #38, is DENIED.

Entered this 15th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge