IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALAN DAVID McCORMACK,

                        Plaintiff,

    v.

DAVID BURNETT, JAMES LABELLE,
RENEE SCHUELER, KAREN GOURLIE,
and WELCOME F. ROSE,

                        Defendants.

ORDER

12-cv-925-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Alan David McCormack brought claims that defendants David Burnett, James LaBelle, Renee Schueler, Karen Gourlie and Welcome F. Rose violated his rights under the Eighth Amendment by depriving him of adequate medical care for his umbilical hernia while he was incarcerated. In a September 25, 2013 order, I granted defendants' motion for summary judgment based on plaintiff's failure to properly exhaust his administrative remedies and dismissed the case. I denied plaintiff's motion for reconsideration of the summary judgment opinion in a November 15, 2013 order.

Now plaintiff has filed a motion "to reinstate" his case, attaching a new grievance in which he raises the issue that he has been denied surgery for his hernia. I will deny plaintiff's motion for two reasons. First, I cannot reopen a case when a plaintiff exhausts his administrative remedies *after* filing the lawsuit. Ford v. Johnson, 362 F.3d 395, 398 (7th

Cir. 2004) (holding that a lawsuit must be dismissed "even if the plaintiff exhausts his administrative remedies while the litigation is pending"); <u>Perez v. Wisconsin Dept. of Corrections</u>, 182 F.3d 532, 537 (7th Cir. 1999) ("[A] case filed before exhaustion has been accomplished must be dismissed."). Second, even if I could reopen the case, I would not in this instance because the documents submitted by plaintiff show that his new grievance suffers the same problem as his earlier ones: It was rejected as having been raised in a previous grievance that was itself filed too late after the denial of his surgical request. Therefore, even if plaintiff filed a brand-new lawsuit, it is highly likely that it would suffer the same fate at this one.

ORDER

IT IS ORDERED that plaintiff Alan David McCormack's motion to reopen his case, dkt. #42, is DENIED.

Entered this 10th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge